McFarland, J.,
delivered the opinion of the court.
The plaintiff, a resident of Philadelphia, held a note for $526.94 on Charles E. Knight, of the State of Arkansas. Knight had funds deposited with Cook & Co., of Memphis.
The plaintiff sent his note to Cook & Co. for collection. On the 15th of April, 1861, Cook & Co. wrote to the plaintiff acknowledging the receipt of the note, and saying: — “ We have been endeaving from day to day to get. exchange on New York or Philadelphia to remit you, but find it impossible to procure . it at any price. The money is in our hands to pay this note, and. if you prefer it, you can draw-on us at sight for the amount, payable in our money. Mr. Knight’s instructions to us are to pay no exchange or interest. If you draw on us, please advise us by telegraph.”
No further communication passed between these parties. Knight afterward withdrew all his deposits from Cook & Co. On the 3d of October, 1866, the plain *321 tiff brought this action against Norton, one of the firm of Cook & Co., to recover the amount of this note. The case rested upon proof of the facts above stated: the judgment was for the defendant; and, upon the refusal of a new trial, the plaintiff appealed in error.
Cook & Co. were the agents of both parties. They were instructed by Knight to pay this note out of his funds in their hands, upon certain conditions; that is, that no interest or exchange was to be required. They so informed the plaintiff, but he did not accept this offer by drawing on Cook & Co., as directed.
It is manifest that Knight could withdraw his instructions to Cook & Co. to pay the note, at any time before they had, under ^the directions of the plaintiff, and for him, actually appropriated that much of Knight’s money to the payment of the note.
Upon the actual appropriation of the money to the payment of the note, Knight would have been discharged, and the money would have been at the risk . of the plaintiff, and Cook & Co. would have been answerable to him for the amount.
The question, then, is, whether this actual appropriation was made.
We think it was not.
Cook & Co. were authorized to make the appropriation only upon the conditions stated. The plaintiff never assented to these, and it is clear that the appropriation was never made, but that the money was held by Cook & Co. subject to the order of Knight; and that Knight was never discharged from the debt.
*322 This is in accordance with the principles laid down in Story’s Eq. Jur., sec. 1045.
The charge of the court was not erroneous so far as it went. The jury were, in substance, told that if Cook & Co. were the agents of Knight alone, or the agents of both parties, then Knight could at any time withdraw his funds; but that .if Cook & Co. were the agents of the plaintiff alone, and had received money to pay the note, and undertaken to pay it, then the defendant was liable.
The instruction that Knight might withdraw his funds, assumes, of course, that the funds had not been appropriated, but were still his.
The question of appropriation was not in terms submitted to the jury; but the only additional instructions asked for by the plaintiff were properly refused. He asked the court, in substance, to instruct the jury, that upon certain facts set out in the propositions (which were in substance the facts actually in proof, as herein set forth), the plaintiff was entitled to recover.
This, we think, was correctly refused. We are of opinion that upon these facts the defendant was entitled to prevail.
The plaintiff cannot complain that the attention of the jury was not more directly called to the question of appropriation.
Let the judgment be affirmed.